UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES of AMERICA,

-vs-

LUIS ALBERTO DIAZ-AGRAMONTE,
                              Defendant.

DECISION and ORDER

06-CR-6061 CJS-2

_____

## INTRODUCTION

Now before the Court is a *pro se* motion by Defendant entitled "Motion to Cancel Special Assessment," ECF No. 220.  The application is denied.

## BACKGROUND

The reader is presumed familiar with the facts and history of this action, and with the Court's prior post-conviction rulings in this case.  Briefly, On October 18, 2011, the Court imposed a sentence on Defendant consisting primarily of a 35-year term of imprisonment, along with, *inter alia*, a fine in the amount of five thousand dollars and a special assessment in the amount of one hundred dollars. *See*, Sentencing Transcript, ECF No. 136.  Regarding the fine, the Court specifically found that Defendant had the ability to pay the fine from monies that he would earn while in prison. *See, id*. at p. 23 ("I find that, based on the length of time in prison, you have the ability to pay that fine."). According to the website for the Federal Bureau of Prisons, Defendant is scheduled to be released on October 4, 2036, meaning that he still has more than twelve years remaining on his prison sentence.

On February 26, 2024, Defendant filed a *pro se* "Motion to be Declared Indigent" pursuant to 18 U.S.C. § 3014(a), ECF No. 218.  The motion argued that the Court

1

should not have imposed a fine or special assessment, since Defendant was indigent at time at the time of sentencing, as shown by the fact that he qualified for assigned defense counsel. Defendant further argued that he needs the funds he earns while in prison to support himself and to purchase over-the-counter medications. However, on May 8, 2024, the Court denied that motion, stating:

> Defendant requests that the Court suspend any further payments on the $5000 imposed at sentencing because he is indigent. The application is denied. According to defendant's case manager in the Bureau of Prisons, his financial payments are 50% of his income, or a minimum of $25.00, and he retains a portion of his employment income. Moreover, he receives money from outside the facility deposited into his financial account which is not applied toward his fine. The Court, accordingly, finds that there is no basis to suspend defendant's imposed fine until he completes his sentence.

ECF No. 219.

A month later, on June 10, 2024, Defendant filed the subject motion, ECF No. 220, this time asking the Court to "cancel" the "special assessment" pursuant to 18 U.S.C. § 3014(a) due to Defendant's alleged indigency. Although, the motion actually just asks the Court again to make a finding that Defendant is unable to pay the five-thousand-dollar fine due to indigency. Defendant asserts that the Court erred at the time of sentencing by failing to find that he was not indigent before imposing the fine. On this point, Defendant again relies on the fact that he had court-appointed defense counsel at trial, which he maintains demonstrates that he was indigent.

## DISCUSSION

Defendant's motion is meritless and essentially a lengthier rehash of the motion the Court recently denied, ECF No. 218. Defendant again argues that the Court erred at sentencing by failing to make a finding concerning his ability to pay the fine.

2

However, Defendant is incorrect, since the Court determined at the time of sentencing that he had the ability to pay the fine with the monies that he would earn while in prison. Additionally, as recently as a month ago the Court confirmed that Defendant is not indigent at the present time and that he is paying off the fine from his prison income. *See*, ECF No. 219.

## CONCLUSION

Defendant's "Motion to Cancel Special Assessment" (ECF No. 220) is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.[1] The Court hereby certifies that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
       July 23, 2024

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

---

[1] *See, United States v. Kelly*, No. 09CR163 (DLC), 2023 WL 5432202, at *2 (S.D.N.Y. Aug. 23, 2023) ("Kelly's April 27, 2023 Rule 36 motion is denied. To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.") (citations omitted).

3